Opinion filed March 14, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00251-CV

_____

## IN THE INTEREST OF M.A., A CHILD

On Appeal from the 326th District Court

Taylor County, Texas

Trial Court Cause No. 8873-CX

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of M.A. Both parents filed a notice of appeal. The mother later filed an *Anders* brief, and the father filed a brief on the merits in which he challenges the sufficiency of the evidence. We affirm.

### Mother's Appeal

The mother's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal is groundless. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a

professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28.

The mother's counsel provided her with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed the mother of her right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided the mother with a copy of the appellate record. We conclude that the mother's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*.

We note that the mother has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the mother's appeal is without merit. However, in light of *P.M.*, we deny the motion to withdraw that was filed by the mother's court-appointed counsel. *See P.M.*, 520 S.W.3d at 27.

*Father's Appeal*

In two issues on appeal, the father challenges the sufficiency of the evidence to support the trial court's findings in support of the termination of his parental rights. Termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding

2

was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the father had committed one of the acts listed in Section 161.001(b)(1)—that found in subsection (O). Specifically, the trial court found that the father had failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the

child, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for abuse or neglect. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the child.

In his second issue, the father challenges the legal sufficiency of the evidence with respect to the trial court's finding under subsection (O). The record shows that the Department became involved with M.A.'s family when she was two years old. At that time, the parents were pulled over for a traffic stop. M.A. was not buckled into a car seat, and police found methamphetamine in her diaper bag and on the mother's person. The parents admitted to the Department's investigator that they used methamphetamine on a regular basis. The father said during his interview that he had been using methamphetamine daily. The parents admitted to being under the influence of methamphetamine while M.A. was in their care. At the time of removal, M.A. tested positive for methamphetamine.

The record indicates that a family service plan was prepared, signed by the father, and made an order of the trial court. The uncontroverted evidence reflects that the father failed to comply with the provisions of his service plan. While the case was pending in the trial court, the parents failed to maintain appropriate and stable housing; they "would frequently go between homes" that were occupied by people with prior CPS history. The parents failed to obtain housing that was suitable for M.A. They also missed almost half of the scheduled visits with M.A. The father failed to participate in couple's counseling, failed to complete individual counseling, failed to complete parenting classes, and failed to maintain a legal source of income as required by his service plan. The father failed to abstain from the use of drugs while this case was pending. He tested positive for amphetamines (at 2701) and methamphetamine (greater than 10,000) in a urinalysis conducted five months after

4

removal. The father refused to comply with a request for a hair follicle test, and he participated in only one of eleven requested drug screens. He also failed to complete substance abuse treatment.

The Department's goal for M.A. was termination of the parents' rights and adoption by the relatives with whom she had been placed. The conservatorship caseworker for the Department believed that it would be in M.A.'s best interest to terminate the parental rights of both parents. At the time of trial, M.A. was very bonded with the relatives with whom she had been placed, and she was doing well in their care. They provided a safe and stable home for M.A. The attorney and guardian ad litem recommended that M.A. remain where she was and not be returned to her parents.

The record contains clear and convincing evidence to support the trial court's finding under Section 161.001(b)(1)(O) with respect to the father. Based on the uncontroverted evidence in this case, the trial court could reasonably have formed a firm belief or conviction that the father failed to comply with the provisions of his court-ordered family service plan, which specifically established the actions necessary for him to obtain the return of M.A., a child who had been in the managing conservatorship of the Department for not less than nine months as a result of her removal from the parents for abuse or neglect. The father did not present any evidence that he was unable to comply with the provisions of his family service plan or that he had made a good faith effort to comply with those provisions. *See* FAM. § 161.001(d). Consequently, we hold that the evidence is sufficient to support the trial court's finding. We overrule the father's second issue.

In his first issue, the father challenges the legal and factual sufficiency of the evidence to support the trial court's finding that termination of his parental rights was in the child's best interest. Based upon the *Holley* factors and the evidence in the record, as set forth above, we cannot hold that the trial court's best interest

finding is not supported by clear and convincing evidence. *See Holley*, 544 S.W.2d at 371–72. Considering the emotional and physical needs of the child, the father's unstable housing and employment, the father's continued use of methamphetamine, M.A.'s positive drug test, the stability of the relatives' home, and the Department's plans for M.A., the trial court could reasonably have formed a firm belief or conviction that it would be in M.A.'s best interest for the father's parental rights to be terminated. We hold that the evidence is both legally and factually sufficient to support the trial court's best interest finding. The father's first issue is overruled.

*This Court's Ruling*

We affirm the trial court's order of termination.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

March 14, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

6